UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ROBERT KASZOVITZ, individually and on
behalf of all others similarly situated,

                Plaintiff,

   - against -

QIAO XING UNIVERSAL RESOURCES, INC., RUI
LIN WU, ZHI YANG WU, AIJUN JIANG, and
JIUJIU JIANG,

                Defendants.

------------------------------------------X

12 Civ. 3745 (RWS)

OPINION

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 8/7/12

A P P E A R A N C E S :

    Attorneys for Plaintiff Robert Kaszovitz

    POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP
    100 Park Avenue, 26th Floor
    New York, NY 10017
    By:  Marc Ian Gross, Esq.
        Gustavo Fabian Bruckner, Esq.
        Jeremy Alan Lieberman, Esq.
        Patrick Vincent Dahlstrom, Esq.

    LAW OFFICE OF JACOB T. FOGEL, P.C.
    32 Court Street, Suite 602
    Brooklyn, NY 11201
    By:  Jacob T. Fogel, Esq.

    Attorney For Movant Robert Reagan

    GAINEY & McKENNA, LLP
    440 Park Avenue, 5th Floor
    New York, NY 10016
    By:  Thomas James McKenna, Esq.

Attorney for Movant Thai Dang

CHAPIN FITZGERALD SULLIVAN & BOTTINI, LLP
550 West C Street, Suite 2000
San Diego, CA 92101
By:  Albert Yong Chang, Esq.
     Francis A. Bottini, Jr., Esq.


Attorney for Movant Xiaolin Chi

THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016
By:  Phillip Kim, Esq.

**Sweet, D.J.**

There are three motions pending in the above-captioned action.  Robert Reagan ("Reagan") has moved for an order appointing Reagan as lead plaintiff pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, and approving Reagan's selection of the law firm of Gainey & McKenna to serve as lead counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) in this action brought against Qiao Xing Universal Resources, Inc. ("Qiao Xing"), Rui Lin Wu, Zhi Yang Wu, Aijun Jiang and Jiujiu Jiang (collectively, the "Individual Defendants" and, with Qiao Xing, the "Defendants").  Thai Dang ("Dang") has moved for an order naming Dang as lead plaintiff with Chapin Fitzgerald Sullivan & Bottini LLP to serve as lead counsel.  Finally, Xiaolin Chi ("Chi") has asked that the Court take notice that, on June 26, 2012, Chi filed a motion in the United States District Court for the District of the Virgin Islands for an order appointing Chi as lead plaintiff and the Rosen Law Firm, P.A. as lead counsel.  Chi contends that motion papers filed by Reagan and Dang were improperly filed because Plaintiff Robert Kaszovitz ("Kaszovitz") had, prior to the motions, voluntarily dismissed the above-captioned action, but to the extent the Court refuses to terminate these motions, Chi

1

asks that he be appointed lead plaintiff.

On the facts and conclusions set forth below, this Court is without jurisdiction to decide the motions pending, as the above-captioned case is closed. Accordingly, these motions are dismissed without prejudice with leave to renew should the action be reopened.

## Prior Proceedings

On May 10, 2012, Kaszovitz filed his complaint (the "Complaint") in the Southern District of New York. The Complaint presents a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased Qiao Xing securities between August 23, 2010 and April 13, 2012. The Complaint alleges that, throughout the class period, Qiao Xing made false and misleading statements and failed to disclose that Qiao Xing's chairman was improperly transferring funds from at least one subsidiary's bank account to an account controlled by him, that Qiao Xing improperly conducted transactions that pledged or transferred assets from its bank accounts, that Qiao Xing lacked adequate internal and financial controls and that, as a result of this misconduct,

2

Qiao Xing's statements were materially false and misleading. The Complaint presents two counts: a claim for violations of § 10(b) and Rule 10b-5 against all Defendants, and a claim for violations of § 20(a) against the Individual Defendants.

On June 22, 2012, Kaszovitz filed a "Notice of Voluntary Dismissal Without Prejudice Pursuant To Fed. R. Civ. P. 41(a)(1)(A)." Kaszovitz' notice stated in its entirety:

> NOTICE IS HEREBY GIVEN that, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), Plaintiff Robert Kaszovitz hereby voluntarily dismisses the above-captioned action, without prejudice as to all defendants, and without further notice. As grounds therefore, Plaintiff states that: (1) no defendant has filed an answer or a motion to dismiss; (2) this dismissal will not bind or prejudice any party or member of the putative class; and (3) a similar action is pending in the United States District Court, District of the Virgin Islands, entitled Luo v. Qiao Xing Universal Resources, Inc., et al., Case No. 12-cv-45-WAL-GWC. The parties shall bear their respective costs.

Dang disputes whether this notice of voluntary dismissal successfully terminated the pending lawsuit, while Chi contends that this notice dismissed the case.

On June 26, 2012, both Reagan and Dang filed their motions to serve as lead plaintiff. These motions were marked fully submitted on July 17.

3

In a letter dated July 12, 2012, counsel for Chi contacted the Court, stating that he represented both Chi as well as the lead plaintiff Fayun Luo in Fayun Luo v. Qiao Xing Universal Resources, Inc., et al., No. 12-CV-45-WAL-GWC (the "Virgin Islands Action").  In that letter, Chi contended that because the claims in the instant action are proceeding forward in the action pending in the Virgin Islands, and the two lead plaintiff motions filed by Reagan and Dang were filed after this action had been voluntarily dismissed and closed, the Court should terminate those motions for lack of jurisdiction or on mootness grounds.  Chi's letter was treated as a motion and was marked returnable on July 25.  In response to Chi's letter, Reagan requested that his motion along with Dang's motion be tabled until the United States District Court for the District of the Virgin Islands had an opportunity to consider the motions pending before it regarding lead plaintiff status in the Virgin Islands Action and until it was known whether any defendant will raise a venue or jurisdictional issue to that court's handling of the case.

**Because This Court Is Without Jurisdiction, The Motions For Appointment Of Lead Plaintiff And Lead Plaintiff's Counsel Are Denied Without Prejudice**

4

"Article III of the Constitution limits federal-court jurisdiction to 'Cases' and 'Controversies.'"  Massachusetts v. E.P.A., 549 U.S. 497, 516, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007).  Because Kaszovitz filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), there is no case or controversy presently before this Court, and this Court lacks jurisdiction to address the pending motions.

Although Kaszovitz has filed a notice of voluntary dismissal, Dang disputes the validity of this notice, noting that "a class action plaintiff cannot voluntarily dismiss his own action simply by filing a Rule 41(a)(1) notice of dismissal."  In re PaineWebber Ltd. Pshps. Litig., 147 F.3d 132, 137 (2d Cir. 1998)).  This is because Fed. R. Civ. P. 41(a)(1)(A)(i) makes a plaintiff's ability to dismiss an action without a court order subject to Fed. R. Civ. P. 23(e), which provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e).  Dang, noting that the Court has not approved Kaszovitz' notice of voluntary dismissal, contends that dismissal is invalid, thus implying that the present case is still open and that this Court

5

has jurisdiction to address the present motions for appointment of lead plaintiff and lead plaintiff's counsel.

However, there is a key distinction between the In re PaineWebber decision cited by Dang and the present action. While the In re PaineWebber decision confronted a class that had already been certified, this Court has taken no action concerning the putative class identified in the Complaint.  Case law from outside this circuit suggests that the fact that the Complaint's proposed class has not yet been certified does not remove the requirement that court approval be obtained to voluntarily dismiss the action pursuant to Rule 41(a)(1).  See In re Nazi Era Cases Against German Defendants Litig., 198 F.R.D. 429, 439 (D.N.J. 2000) ("Although class actions have not been certified in any of the cases presently before the Court, it is clear to the Court in light of the foregoing interpretations of Rule 23(e) that the putative class actions before it may not be dismissed without approval."); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 898 (E.D. Wis. 1999) ("In the usual case, a plaintiff has the unilateral right to dismiss the case prior to service.  Plaintiffs here, however, require court approval because the case was filed as a class action.  Court approval is

6

required even though the complaint [] is only a proposed class action, not yet certified."); Wallican v. Waterloo Cmty. Sch. Dist., 80 F.R.D. 492, 493 (N.D. Iowa 1978) ("The court decides, therefore, that its FRCP 23 supervisory responsibilities and powers are applicable to the stipulation of dismissal filed by the parties at the pre-certification stage of this litigation.").  However, the circuits are split over the issue of how Rule 23(e) relates to classes that have not yet been certified by a district court.  See In re Nazi Era Cases, 198 F.R.D. at 439 ("Circuit courts, however, are not unanimous in their application of Rule 23(e) to class actions prior to certification, with the Fourth Circuit's widely cited decision in Shelton v. Pargo, Inc., 582 F.2d 1298 (4th Cir. 1978), being a notable exception to the rule embraced by the Third, Fifth, Seventh, and Ninth Circuits.").

Case law from the Second Circuit concerning this issue suggests that court approval is not necessary to give effect to Kaszovitz' Rule 41(a)(1) notice of voluntary dismissal.  In the case of In re PaineWebber, the case Dang cites in support of his contention that court approval is required, the Second Circuit addressed the relationship of Rule 23(e) on Rule 41(a)(1) motions.  The facts of the In re PaineWebber case involved Elmer

7

Black, who appealed an order from the district court denying his motion to voluntarily dismiss his claim pursuant to Fed. R. Civ. P. 41(a)(1).  In addressing the appeal, the Circuit confronted the argument that Rule 23(e) only requires court approval for a dismissal or compromise of the class action itself, but that dismissals or compromises of individual claims within the class did not require court approval.  See In re PaineWebber, 147 F.3d at 137.  The Second Circuit rejected this argument, holding that although the Second Circuit has allowed dismissal of individual claims under Rule 41(a)(1) without court approval, "these cases allowed *potential* class plaintiffs to settle their claims without court approval." Id. (emphasis in the original). Because the class at issue in the In re PaineWebber case had been certified by the district court, an individual class member could not dismiss his claim without court approval:

> The district court certified the Class on June 2, 1995.
> Black therefore is a certified — not a potential — class
> member.  This distinguishes him from the dismissing
> plaintiffs in the cases on which he relies. . . . The
> distinction between a certified class member and a
> potential class member leads us to reject plaintiff's
> reliance on our prior settlement cases as support for his
> requested Rule 41(a)(1) dismissal.
>
> Absent certification by a court and identification of the
> class, the action is not properly a class action within the
> meaning of Rule 23(c)(1) and (c)(3). . . . Without a proper
> Rule 23 class action before it, a district court lacks
> authority to enter orders establishing opt-out procedures

and deadlines for prospective class members.  Instead,
potential class members may leave the putative class at
will.  We therefore permitted potential members of a class
not yet certified to settle their individual claims with
the potential class defendant.

In re PaineWebber, 147 F.3d at 137-38.  As such, the case Dang

cites in support of his contention that Kaszovitz' voluntary

dismissal is ineffective only prohibits a plaintiff in a

certified, rather than potential, class from voluntarily

dismissing his claim pursuant to Rule 41(a)(1).

        In the In re PaineWebber decision, the Second Circuit

highlighted cases involving potential, rather than certified,

class members seeking to dismiss their individual claims,

including the case of Weight Watchers of Philadelphia, Inc. v.

Weight Watchers Int'l, Inc., 455 F.2d 770 (2d Cir. 1972).  In

Weight Watchers, the plaintiff, as the potential class

representative, appealed from an interlocutory order permitting

the defendant to negotiate non-approved settlements individually

with potential class members.  Id. at 771-72.  The Second

Circuit stated, in dicta, that the defendant did not violate the

broad command of Rule 23(e) by pursuing these settlements

        [E]ven if defendant should succeed in settling with so many
        [potential class members] that the court will be forced to

9

> deny class action status, plaintiff's complaint will remain
> untouched.  As we have, in essence, already noted,
> plaintiff has no legally protected right to sue on behalf
> of other franchisees who prefer to settle; Fed. R. Civ. P.
> 23(e), requiring court approval of the dismissal or
> compromise of a class action, does not bar non-approved
> settlements with individual members which have no effect on
> the rights of others.

Id. at 775.  The Second Circuit thus concluded that Rule 23(e)
did not require court approval of compromises of the individual
claims of potential class members.  The Circuit re-affirmed this
principle in Christensen v. Kiewit-Murdock Inv. Corp., 815 F.2d
206, 213 (2d Cir. 1987) ("Weight Watchers establishes that, at
least prior to class certification, defendants do not violate
Rule 23(e) by negotiating settlements with potential members of
a class.").  Accordingly, when it comes to potential (as opposed
to certified) class members, no court approval is necessary to
effectuate a plaintiff's voluntary dismissal of his claim
pursuant to Rule 41(a)(1).

Because court approval is unnecessary in the context
of a Rule 41(a)(1)(A) motion when the class has not yet been
certified, Kaszovitz has successfully dismissed the Complaint,
and the above-captioned matter was closed, effective June 22.
Without a pending case or controversy, this Court is without
jurisdiction to decide the pending motions before it.

10

Accordingly, these motions are denied without prejudice with leave to renew should this action be reopened.

## Conclusion

For the reasons set forth above, this Court is without jurisdiction to decide the pending motions.  Accordingly, these motions are denied without prejudice with leave to renew should this action be reopened.

It is so ordered.

New York, NY
August 1 , 2012

ROBERT W. SWEET
U.S.D.J.

11